## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| STAVROS G. GEORGEADIS,<br>Appellant, | DOCKET NUMBER<br>AT-844E-15-0742-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>MANAGEMENT,<br>Agency. | DATE: August 18, 2016 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Rosa M. Koppel</u>, Esquire, Fairfax, Virginia, for the appellant.

<u>Linnette Scott</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision issued by the Office of Personnel Management (OPM) denying his application for disability retirement benefits under the Federal Employees' Retirement System (FERS). For the reasons

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

discussed below, we VACATE the initial decision and REMAND the case to OPM for further proceedings consistent with this Order.

¶2        On or about February 13, 2014, the appellant, a Geospatial Intelligence (GEOINT) Analyst (Imagery Intelligence), submitted an application for disability retirement benefits under FERS to his employing agency, the National Geospatial Intelligence Agency.  Initial Appeal File (IAF), Tab 4 at 45-46; Petition for Review (PFR) File, Tab 7 at 8.  On his application, the appellant stated that he became disabled for his position in August 2012 due to kidney stones, high blood pressure, sleep disorder, migraines, anxiety, poor diet resulting in weight gain or loss, persistent fatigue, exhaustion, mental stress, and a shoulder and neck injury.  IAF, Tab 4 at 45.  The appellant explained that his conditions impaired his ability to concentrate on his work, affected his attendance, and precluded him from "provid[ing] [his] abilities as an analyst at 100%."  *Id.*  The appellant's supervisor stated that the appellant's performance had been less than fully successful and his attendance had been unacceptable since January 2013.  *Id.* at 47‑48.  On or about March 19, 2014, the employing agency forwarded the completed application package to OPM.  *Id.* at 71; IAF, Tab 9 at 13.  The appellant resigned from his position on September 4, 2014.  PFR File, Tab 7 at 8.

¶3        On December 29, 2014, OPM denied the appellant's application for disability retirement, finding that the medical evidence was insufficient to support a finding of disability and that he had submitted inadequate evidence of medical treatment.  IAF, Tab 4 at 35-40.  The appellant requested reconsideration of OPM's initial decision, asserting that he was currently seeking assistance from the Department of Veterans Affairs (DVA).  *Id.* at 22-23.  Along with his request for reconsideration, the appellant provided an August 14, 2014 evaluation from a psychologist, Dr. D.R., diagnosing him with major depressive disorder and posttraumatic stress disorder (PTSD) and stating that his conditions interfered with his activities of daily living, social functioning, concentration, and ability to work.  *Id.* at 23‑27.  Dr. D.R. noted that the appellant was not receiving any

mental health services and that his ability to recover was "limited without any psychiatric services or individual counseling." *Id.* at 26. On January 30, 2015, OPM notified the appellant that it would afford him 30 days to submit additional evidence to support his claim. *Id.* at 8. Thereafter, the appellant submitted a copy of a February 3, 2015 mental health consultation from the DVA Medical Center (VAMC) diagnosing him with an unspecified depressive disorder and PTSD, referring him to the PTSD clinic for diagnosis clarification, and prescribing him an antidepressant medication for depression. *Id.* at 7, 9-21.

¶4      In a March 9, 2015 reconsideration decision, OPM denied the appellant's request for reconsideration. *Id.* at 271-72. Although the reconsideration decision briefly mentioned Dr. D.R.'s evaluation, it did not mention or discuss the VAMC mental health consultation. *See id.* The appellant timely appealed the reconsideration decision to the Board. *Id.* at 266-69. OPM agreed to rescind the reconsideration decision because it failed to specifically address the appellant's depression and PTSD, and the administrative judge dismissed the appeal. *See id.* at 82-83, 93-94; *Georgeadis v. Office of Personnel Management*, MSPB Docket No. AT‑844E-15-0423-I-1, Initial Decision (June 18, 2015). On May 4 and June 10, 2015, prior to the issuance of a new reconsideration decision, the appellant submitted additional VAMC treatment and counseling records to OPM.[2] IAF, Tab 4 at 107-58, 170, 176-207.

¶5      On July 27, 2015, OPM issued an amendment to the March 9, 2015 reconsideration decision. *Id.* at 4-6. In the amended reconsideration decision, OPM discussed the psychological evaluation by Dr. D.R. but noted that the evaluation indicated that the appellant was not receiving psychiatric treatment or therapy for his depression or PTSD. *Id.* at 6. OPM stated that a medical

---

[2] The appellant provided OPM an additional copy of the February 3, 2015 mental health consultation, as well as new VAMC treatment records from February through June 10, 2015. IAF, Tab 4 at 128-58, 176-207. OPM's response file also contains a partial second set of the medical records sent on June 10, 2015. *Id.* at 108-27.

condition that has not been treated or is not undergoing treatment cannot be considered disabling and concluded that the appellant did not meet the eligibility requirements for a disability retirement benefit. *Id.* The amended reconsideration decision did not discuss the VAMC treatment and counseling records. *See id.* at 4-6.

¶6 The appellant timely appealed the amended reconsideration decision to the Board and requested a hearing. IAF, Tab 1. In his prehearing submissions, the appellant submitted additional VAMC treatment and counseling notes from June and October 2015. IAF, Tab 9 at 14-23, Tab 10 at 4-24. After holding a telephonic hearing, the administrative judge issued an initial decision finding that the appellant had not established that he was entitled to a disability retirement benefit under FERS and affirming OPM's amended reconsideration decision. IAF, Tab 13, Initial Decision (ID). In the initial decision, the administrative judge noted that OPM was "inexplicably negligent" in failing to consider the VAMC treatment notes submitted by the appellant prior to the issuance of its July 27, 2015 amended reconsideration decision but that, because he considered all of the appellant's medical documentation in rendering the initial decision, remand to OPM was not necessary. ID at 11-12.

¶7 The appellant filed a petition for review of the initial decision, and OPM responded in opposition. PFR File, Tabs 3, 5. On April 25, 2016, the appellant filed a motion to submit additional evidence; specifically, a February 19, 2016 disability evaluation by Dr. D.R. PFR File, Tab 8. OPM objected to the appellant's motion. PFR File, Tab 9 at 3.

¶8 As noted above, OPM did not consider the appellant's VAMC treatment and counseling notes in rendering its amended reconsideration decision. IAF, Tab 4 at 4-6. Also, OPM has not had an opportunity to consider the June and October 2015 VAMC medical records submitted with the appellant's prehearing submissions or the February 19, 2016 evaluation by Dr. D.R. IAF, Tab 9 at 14-23, Tab 10 at 4-24; PFR File, Tab 8 at 19-25. Although these records

postdate the appellant's September 4, 2014 resignation, the U.S. Court of Appeals for the Federal Circuit has held that postseparation evidence of an appellant's medical condition may be considered in determining eligibility for a disability retirement annuity. *Reilly v. Office of Personnel Management*, 571 F.3d 1372, 1380-81 (Fed. Cir. 2009). Such evidence can be probative "[w]here proximity in time, lay testimony, or some other evidence provides the requisite link to the relevant period." *Id.* at 1382. Thus, we find it appropriate to remand the matter to OPM to afford OPM the opportunity to consider these medical records and to issue a new reconsideration decision.

¶9 In light of our decision to remand the case to OPM, we vacate the initial decision.[3]

**ORDER**

¶10 For the reasons discussed above, we remand this case to OPM to permit OPM an opportunity to consider the medical evidence not previously considered and to issue a new reconsideration decision. OPM shall issue the new reconsideration decision within 90 days from the date of this Order and shall advise the appellant of his right to appeal to the Board if he disagrees with that

---

[3] In affirming OPM's amended reconsideration decision, the administrative judge determined that the appellant failed to establish that he was unable to render useful and efficient service in his position because there was "no evidence of record that a health care professional has determined the appellant is unable due to PTSD to perform his job duties following his receipt of treatment and medication" and "no objective clinical findings in the record [that] support such a conclusion." ID at 9-10. He further explained that the appellant did not meet the "exception to the requirement that medical reports must contain reasoned explanations consistent with an inability to perform essential functions of a position" because the medical evidence in the record did not "unambiguously show that the appellant cannot meet the requirements or perform the duties of his position." ID at 11. The Board, however, has expressly overruled a line of cases that indicated that there is a general rule that such medical evidence is required to prove entitlement to disability retirement benefits. *Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶¶ 12-19 (2012) (articulating the standard in the context of an application for disability retirement under the Civil Service Retirement System); *see Jackson v. Office of Personnel Management*, 118 M.S.P.R. 6, ¶ 7 (2012) (applying the holding in *Henderson* to disability retirement cases under FERS); *see also* 5 U.S.C. § 8451(a)(1)(B); 5 C.F.R. § 844.103(a)(2).

new decision. *See, e.g.*, *Stephenson v. Office of Personnel Management*, 119 M.S.P.R. 457, ¶ 6 (2013).

¶11     We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and to describe the actions it took to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

¶12     No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a)

FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.